Case 4:23-cv-01023  Document 16  Filed on 09/28/23 in TXSD  Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME MORALES, JR., <br> *Plaintiff,* <br> <br> v. <br> <br> KILOLO KIJIKAZI, <br> Acting Commissioner of <br> the Social Security Administration, <br> Defendant. | § § § § § § § § § § | Civil Action No. H-23-1023 |

### MEMORANDUM AND RECOMMENDATION
### ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Pending before the court is Plaintiff's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412. (Docket Entry No. 14.) For the reasons stated below, the court recommends that the motion be GRANTED in part.

Jaime Morales, Jr. (Morales) filed this action for review of the Social Security Administration's denial of disability benefits. ECF No. 1. The Commissioner filed an Answer with more than 850 pages of administrative and medical records. ECF No. 4. Morales filed a Motion for Summary Judgment. ECF No. 9. The Commissioner filed an Unopposed Motion for Remand, ECF No. 12, requesting that the case be remanded to the Commissioner for further administrative action. The court granted the motion and remanded the case. ECF No. 13. Morales now seeks attorney's fees. ECF No. 14.

Under the Equal Access to Justice Act ("EAJA"), the prevailing party in a case against the United States is entitled to reasonable attorney's fees, provided that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). The Commissioner does not dispute that Morales is a prevailing party or that the position of the United States was not substantially justified. The Commissioner agrees that some amount of attorney's fees is proper but argues that the requested fees are not reasonable. The Commissioner argues that the number of hours that Plaintiff's counsel spent on the case is excessive. The parties agree that the billing rate should be $234.12 per hour.

In the Fifth Circuit, to determine the reasonableness of an attorney's fee award, the court must use the "lodestar" method. *Sanders v. Barnhart*, 2005 WL 2285403 at *2 (5th Cir. 2005) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)). That method requires the court first to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate, and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Prince v. Colvin*, 94 F. Supp. 3d 787, 794 (N.D. Tex. 2015). The court then must consider whether to increase or decrease the lodestar figure by consideration of the *Johnson* factors.

The Commissioner argues that several of Plaintiff's counsel's time entries should be reduced because they include activities that are clerical in nature. Work that could have been performed by clerical staff is not compensable. *Garza v. Astrue*, 2010 WL 2278348 at *2 (W.D. Tex. 2010, No. SA-08-CV-789-XR). The Commissioner also argues that certain of Plaintiff's counsel's time entries are excessive for the task involved. The court agrees in part.

Preparation of a motion to proceed IFP and submitting a request for issuance of a summons are tasks that should be performed by clerical staff. The court reduces the hours by 1.0.

The court disagrees that any reduction is necessary with respect to the June 8, 2023 entry for "Downloaded transcript and development of Plaintiff's argument and points of law." The "download" part of that entry, with which the Commissioner takes issue, would have taken just moments and is the sort of thing that would actually be less efficient to have another person involved with. Lawyers routinely click on docket entries and download information from the court's docket. Overall, three hours for this task is not excessive.

Plaintiff's counsel seeks reimbursement for eleven tasks billed in .25 hour increments that the Commissioner argues should have been billed in .1 hour increments. The court agrees as to ten of those entries. For example, on March 16, 2023, there is an entry for "Reviewed Order granting application to proceed IFP." That entry and the others like it should have been billed in .1 hour increments. On the other hand, the May 16, 2023 entry for "Reviewed Defendant's Answer to Complaint and Consent to Proceed before Magistrate [Judge]" should not be reduced. The court reduces the hours by 1.5.

Preparing and filing the complaint is reported to have taken 1.5 hours. The Commissioner estimates that the task should have taken .5 hours. The court disagrees. While the complaint is a standard form, Plaintiff's counsel had to make sure the information was correct and that there was a factual and legal basis for filing it. An hour for this task is reasonable. The court reduces the hours by .5

3

Plaintiff's counsel seeks a total of four hours to prepare and file the EAJA motion for attorney's fees. The motion is a form and required only the insertion of the hours worked and tasks performed, which would just be copied from the attorney's billing records. There is no argument or analysis. Two hours for this task is reasonable. The hours are reduced by 2.0.

With the reductions discussed, the court does not believe that any adjustment for the *Johnson* factors is necessary.

For these reasons, the court recommends that the motion for attorney's fees be GRANTED in part and DENIED in part. The court recommends that the 25.4 hours requested by Morales's counsel be reduced by 5.0 hours for a total of 20.4 hours. At a rate of $234.12 per hour, Morales should recover a total of $4776.05 in attorney's fees. Costs have not been requested. Payment should be made to Plaintiff and mailed to Plaintiff's counsel.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections precludes appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas, on September 28, 2023.

*/s/ Peter Bray*
Peter Bray
United States Magistrate Judge